UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                          Chapter 7 Case

    Jemel Urban Johnson,                               Case No. 08-43303
    Danielle Jacqueline Gene Johnson,

       Debtors.

---

## MEMORANDUM OPINION AND ORDER
---

At Minneapolis, Minnesota, July 16, 2013.

    The debtors' application to reopen their chapter 7 case came on for hearing on June 11, 2013. The court took the matter under advisement. The court denies the application for the reasons stated below.

    John Lamey appeared on behalf of the debtors.

    This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, Bankruptcy Rule 5010, and Local Rules 5010-1, 9013-2, and 9013-4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FINDINGS OF FACTS

1. The debtors filed a voluntary chapter 7 petition, schedules, and certificates of credit counseling on July 1, 2008. The debtors were represented by attorney James Agosto.

2. Pursuant to 11 U.S.C. § 341, the meeting of creditors was held on August 12, 2008.

3. The debtors' financial management completion certificates (Official Form 23, Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management), were originally due on September 26, 2008.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *07/16/2013*
Lori Vosejpka, Clerk, by LH

4. The deadline was extended to October 14, 2008 when, on September 30, 2008, the court

   sent a notice to the debtors stating that they had failed to timely complete the required

   financial management course and the case would be closed without a discharge unless the

   debtors filed their financial management course completion certificates by October 14,

   2008.

5. The debtors made no request to extend the deadline at any time.

6. No certificates were filed on or before October 14, 2008, and the case was closed without

   discharge on October 16, 2008.

7. On October 19, 2008, the debtors completed a financial management course.

8. On October 20, 2008, the debtors filed certificates of completion for the financial

   management course.

9. On April 25, 2013, the debtors' new counsel, John Lamey, filed an application to reopen

   the debtors' chapter 7 case.[1]

10. At the hearing on the application to reopen the case on June 11, Mr. and Ms. Johnson

    testified that their first attorney, James Agosto, told them that they must take a financial

    management course and file certificates of completion by the deadline.  They knew the

    deadline.

11. Mr. Johnson testified that he began taking the financial management course but did not

    complete it before the deadline.  It was not clear when Ms. Johnson started taking the

    course although she finished it after the deadline. Both Mr. and Ms. Johnson knew that the

    deadline had passed prior to their completion of the course and prior to filing the

    certificates.

---

[1] On June 6, 2013, a substitution of attorney form was filed by the debtors. James Agosto's
representation of the debtors was terminated and John Lamey became the debtors' attorney.

12.   Mr. Johnson explained that the course completion and filing were late because they did not have internet service at their home and that their lives were hectic due to their bankruptcy filing and a mortgage foreclosure. Mr. Johnson used a friend's internet service to complete the financial management course.

13.   After the deadline had passed, the case was dismissed. According to the debtors, James Agosto told them that creditors would not attempt to collect even though the debtors had not received a discharge.

14.   There was no attempt to reopen the case in 2008 or at any time prior to filing of the current application, which is well over four years after the case was closed.  The application was filed because creditors were attempting to collect and the debtors wanted to obtain a discharge.  The debtors' counsel stated that the debtors did not want to file a new petition because it would take ten years to get that new bankruptcy case off their credit report.

## MEMORANDUM

The debtors seek to reopen their case that had been dismissed because they failed to meet the requirements of 11 U.S.C § 727(a)(11) and Bankruptcy Rule 1007(c). The requirements include the completion of a financial management course and the filing of a certificate of completion within 45 days after the first date set for the meeting of creditors. *See* 11 U.S.C. § 727(a)(11); Fed. R. Bankr. P. 1007(c) (2009).  Here the deadline was September 26, 2008, which was extended to October 14, 2008, by the court.  The debtors did not ask for an extension of the deadline. Rather, they completed the financial management course on October 19, 2008, and filed the certificates on October 20, 2008, after the case had already been dismissed.

A closed case may be reopened for cause under Bankruptcy Rule 5010 and 11 U.S.C. § 350(b). A motion to reopen a bankruptcy case should be granted only where there is a compelling reason. *In re Borer*, 73 B.R. 29, 31 (Bankr. D. Ohio 1987). The debtors, as the moving parties, have the burden of demonstrating cause sufficient for reopening the case. *See In re Otto*, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004). Cause for reopening a case to allow a late-filed certificate of completion of the required financial management course includes the following: 1) a reasonable explanation for the failure to comply with the financial course requirements; 2) a timely request for relief; 3) explanation of counsel's failure to monitor the debtors' compliance; and 4) no prejudice to creditors. *In re Villarroel*, No. 07-14084, 2008 WL 2518713, *1 (Bankr. E.D. Va. June 20, 2008); *see also In re Zelaya,* No. 07-13144, 2008 WL 753918 (Bankr. E.D. Va. Mar. 19, 2008); *In re Kyser*, No. 06-10877, 2008 WL 2074084, *1 (Bankr. E.D. Va. May 14, 2008).

First, the debtors explain that they were untimely because their lives were hectic due to the bankruptcy and a mortgage foreclosure and because they did not have internet service at their home. The debtors admit that they knew about the financial management course requirements before they filed their chapter 7 petition and knew about the deadline. The fact that there lives were hectic because of the bankruptcy is no different than most other debtors. There was no explanation given that would rise to the level of being an emergency or out of the ordinary. Further, the lack of access to the internet at home is not a reasonable explanation. They had other options for completing the course. The option they chose was to use a friend's computer. They did not testify as to any other efforts made to take the course and file the certificates of completion. The court finds that the debtors' explanation is not reasonable.

Second, the request to reopen is not timely.  The debtors delayed the filing of a motion to

reopen for over four years.  There was no explanation given as to why the debtors did not seek

to reopen their case at the time it was closed or soon thereafter.  The only reason given for filing

the application now is that creditors have begun collection efforts.  The longer the time between

the closing of the case and the motion to reopen, the more compelling the reason for reopening

should be.  *In re Apex Oil Co., Inc.*, 406 F.3d 538, 543 (8th Cir. 2005).  Here, no action was

taken for over four years.  The court finds that the debtors' request is not timely.

Third, the debtors provide no explanation or evidence about counsel's monitoring the

debtors' compliance.  The debtors testified, however, that they knew the deadline at the time the

petition was filed. (At trial they could not remember the date itself.)  They did not blame the

attorney for their failures.

Finally, no evidence or argument was presented about prejudice to creditors.

Here, the debtors have failed to meet the standards for reopening the case to allow the

late-taken financial management course and the late-filed certificate of completion of the

financial management course.  Thus, the court finds that there is not cause for reopening their

case.


The debtors' attorney argued that other judges in this district have granted motions to

reopen cases after long periods of time. In none of these cases were the motions to reopen the

cases filed as late as in this case. Further, none were cases dismissed without a discharge due to

failure to meet the financial management course requirements. In *In re Bauer*, Judge O'Brien

granted a motion to reopen the case that was filed "shortly after the case was closed" after the

trustee uncovered information suggesting the debtors' residence may have been significantly undervalued on their schedules.  291 B.R. 127, 129 (Bankr. D. Minn. 2003). Judge Kressel granted a motion to reopen a case that was filed less than three months after the case was closed to allow the administration of assets because the debtor failed to disclose a claim on his bankruptcy schedules. *In re Marshall*, 211 B.R. 662, 663 (Bankr. D. Minn. 1997). In *In re Meyer*, Judge Kishel granted a motion to reopen a chapter 7 case two years after the case was closed because the trustee received information regarding assets which were newly available to the estate for distribution to creditors. 105 B.R. 920, 921 (Bankr. D. Minn. 1989).  All of these cases concerned administration of the estate by a trustee.

Finally, the debtors argue that they relied on their attorney's statement, after their case had closed, that creditors would not attempt to collect, even though they did not receive a discharge.  The debtors failed to explain any connection to the late-taken course and late-filed certificate of completion and their attorney's statement.  They don't argue that they would have done something different at the time the case was dismissed or what should have been done. The court fails to see how the attorney's statement and reliance on the statement, if true, would be cause for reopening the case now over four years later.

## CONCLUSION

The debtors did not provide a reasonable explanation for their four year delay in filing their application to reopen the case. The debtors have not provided a reasonable explanation for their failure to timely complete the required financial management course and failure to timely file their financial management course certificates. There is no cause or compelling reason to reopen this case. The court notes that the case was closed without prejudice to the debtors filing another petition in bankruptcy.

IT IS HEREBY ORDERED:  The debtors' application to reopen their chapter 7 case is DENIED.

/e/ Kathleen H. Sanberg
_____
KATHLEEN H. SANBERG
UNITED STATES BANKRUPTCY JUDGE